UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LATOYA RILEY,

      Plaintiff,

vs.                                                  Case No. 3:23-cv-960-MMH-LLL

CSX TRANSPORTATION, INC.,

      Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on August 15, 2023, by filing a four-count Complaint premised on race and gender discrimination, as well as retaliation. See Complaint and Demand for Jury Trial (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would

promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Here, Counts I and III are titled "Discrimination in Violation of Title VII" and "Discrimination in Violation of the FCRA" respectively, but these Counts both appear to include two separate causes of action, one premised on disparate treatment and the other on a substantive hostile work environment. See Complaint ¶¶ 52-54, 68-70. Counts II and IV similarly appear to combine allegations of retaliation and retaliatory hostile work environment. See id. ¶¶ 61-63, 77-79. Notably, in closely analogous circumstances, the Eleventh Circuit has found this manner of pleading to be improper. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). Accordingly, the Court will strike the Complaint and direct Plaintiff to file a corrected complaint that sets forth each of her claims for relief in a separate count. See Anderson, 77 F.3d at 367 n.5 (noting that when faced

with a shotgun pleading the district court should <u>sua sponte</u> strike the pleading and direct the plaintiff to file a more definite statement). Thus, if Plaintiff intends to assert substantive or retaliatory hostile work environment claims, she must set forth those claims in separate counts and identify the specific factual allegations on which each claim is based. <u>See</u> <u>Palmer</u>, 418 F. App'x at 899–90 (finding that the mere use of the words "harassed" and "hostile" in a discrimination claim "neither stated a plausible claim for relief nor provided [defendant] with sufficient notice to defend against a harassment or hostile work environment claim"). Accordingly, it is

**ORDERED:**

1. The Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.
2. Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **September 1, 2023**. Failure to do so may result in a dismissal of this action.

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1).

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on August 17, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties